

Jordan M. Rand
Direct Dial: (215) 569-3024
Email: jrand@klehr.com

March 3, 2021

**VIA ELECTRONIC FILING**
The Honorable Mitchell S. Goldberg, U.S.D.J.
601 Market Street, Room 7614
Philadelphia, PA 19106

      Re:    *Holbrow v. MyLife.com, Inc.,* No. 2:21-CV-00819 – Pre-Motion Letter

Dear Judge Goldberg:

    Defendant MyLife.com, Inc. respectfully submits this letter to request a Pre-Motion Conference in advance of filing a Motion to Dismiss or, in the Alternative, Compel Arbitration. The parties previously agreed that their disputes would **"be resolved by binding arbitration rather than by jury trials or class actions**." MyLife.com therefore respectfully submits that Holbrow's claims must be arbitrated and that, in any event, they fail as a matter of law.

    MyLife.com operates a website, www.mylife.com (the "**Website**"), that "aggregates publicly available information from government, social, and other sources, plus personal reviews written by others." https://www.mylife.com/ (last visited March 3, 2021). "This third-party data is then indexed through methods similar to those used by Google or Bing to create a listing," also referred to as a "profile." *Id*.

    Holbrow contends that his profile falsely stated[1] that he has a criminal record and has asserted defamation (Count I) and invasion of privacy (Count II) claims. Both are subject to mandatory arbitration. Holbrow alleges that he clicked through various webpages to review information about himself. During that process, as Holbrow's attorney has conceded, "[t]here is a button to click to 'continue' and the words below say that 'By clicking the button above, I agree to the MyLife Terms & Conditions and Privacy Policy." As depicted below, the phrase "**Terms and Conditions**" is a blue hyperlink (as is "**Privacy Policy**") that can be clicked to review MyLife.com's terms and conditions in their entirety prior to clicking "continue."

---

[1] The past tense is used to describe Holbrow's on-line profile because it was removed from the site following his complaint. This is not a unique or unusual accommodation. Any individual can have his or her profile removed upon request. *See* Privacy Policy (https://www.mylife.com/privacy-policy) (last visited March 3, 2021).

1835 MARKET STREET | SUITE 1400 | PHILADELPHIA, PA 19103 | t 215.569.2700 | f 215.568.6603 | www.klehr.com
PENNSYLVANIA | NEW JERSEY | DELAWARE

PHIL1 9375021v.1



The Terms & Conditions at § 7 state in bold: "**These Terms require that disputes between MyLife and you be resolved by binding arbitration rather than by jury trials or class actions. MyLife.com and you…agree to arbitrate all disputes and claims arising out of or relating to this Agreement between MyLife.com and you**….". (https://www.mylife.com/user-agreement) (last visited March 3, 2021). This arbitration provision is valid and enforceable. *Coulter v. Experian Info. Solutions, Inc.*, 2021 WL 735726, at *5 (Feb. 25, 2021) (compelling arbitration where website stated "by clicking 'Submit Secure Order': [the user] accepts and agrees to [the] Terms of Use Agreement"). Accordingly, Holbrow is bound by the MyLife.com Terms and Conditions, including the arbitration provision.

To the extent Holbrow nevertheless contends that the arbitration provision is unenforceable, the Court should order the parties to engage in limited discovery on the issue of arbitrability prior to ruling on a motion to compel arbitration.

With respect to the substance of Holbrow's claims, they each fail as a matter of law. Counts I and II both hinge on Holbrow's allegation that the Website misrepresented that he has a criminal record. Holbrow's own exhibits, however, contradict that allegation, as illustrated in the below table:



| Allegation | Exhibit | Actual Statement |
|---|---|---|
| The Website falsely states: "Criminal or Civil Court records found on Mark's Background Report." | A | No statement related to either criminal or civil records |
| "The subscription page…states further that there are one or more 'Incarceration and Public Records" | B | "Results *may* also include: Incarceration and Public Records, Lawsuits and Judgments, [illegible] and Bankruptcies, Phone Numbers, Addresses [and] Email Addresses." |
| The Website states, "[o]nce one subscribes…that no arrest or criminal records were found." | Exhibit C | No "Court, Arrest & Criminal Record(s)" found |

Where a plaintiff's "own exhibits contradict [the] allegation in the complaint, the exhibits control." *Vorchheimer v. Phila. Owners Ass'n*, 903 F.3d 100, 111-12 (3d Cir. 2018). Holbrow's exhibits here preclude a plausible allegation that the Website falsely stated that he has a criminal record.

Holbrow's claims therefore fail as a matter of law. With respect to defamation, "[t]ruth is an absolute defense…". *Devore v. City of Philadelphia*, No. 06-5095, 2008 WL 1793482, at *8 (E.D. Pa. April 15, 2008). As indicated above, the Website contains only true statements. Similarly, the publication of accurate statements cannot support a false light claim. *Choi v. Sohn*, No. 01-1782, 2004 WL 627060, at *4 (E.D. Pa. March 1, 2004) (dismissing false light claim where published documents "accurately detailed the discipline imposed on [plaintiff] by the church"). Both Counts of the Complaint therefore fail as matters of law because Holbrow has not plausibly alleged, and cannot plausibly allege, that the Website falsely stated that he has a criminal record.

In sum, this matter should either be arbitrated or dismissed on the merits. MyLife.com therefore respectfully requests a Pre-Motion Conference in advance of filing a Motion to Dismiss or, in the Alternative, Compel Arbitration.

Respectfully,

Jordan M. Rand

cc: Andrew Cotlar, Esq. (via email)