IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK HOLBROW,** | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| v. | : | No. 21-819 |
| **MYLIFE.COM, INC.** | : | |
| **Defendant.** | : | |

**MEMORANDUM OPINION**

**Goldberg, J.**                                                                                      **November 10, 2021**

This lawsuit arises from Defendant MyLife.com, Inc.'s use of Plaintiff Mark Holbrow's name and information in an allegedly defamatory and libelous manner on its website. Pending before me is Defendant's Motion to Compel Arbitration or, alternatively, to Dismiss. For the following reasons, I will deny Defendant's Motion without prejudice and will allow the parties to conduct limited discovery on the narrow issue of whether an agreement to arbitrate the present dispute exists.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The following facts, viewed in the light most favorable to Plaintiff, are taken from the Complaint:

- Plaintiff is the owner and operator of an athletic facility that provides fencing lessons to children and adults. (Compl. ¶ 2.)

- Around January 22, 2021, Plaintiff searched his name on the internet and found himself listed on Defendant's website, www.mylife.com. When he clicked on the link within the search results, he found the following warning on Defendant's website: "Criminal or Civil Court records found on [Plaintiff']'s Background Report." Plaintiff contends that such

1

statement is false and that he does not have any criminal or civil court records.  (Id. at ¶¶ 7, 8, 11, 19.)

- Clarification on these purported reports could only be obtained by purchasing a subscription on Defendant's website.  After clicking through to register for a subscription, Defendant's website further indicated that there were "Incarceration and Public Records" associated with Plaintiff's name.  (Id. at ¶¶ 8–10.)

- Plaintiff asserts that once a fee is paid and a subscription to Defendant's website is obtained, one can access the information therein.  Upon completion of the subscription process, Defendant's website then clarified that it had "no derogatory entries" on file for Plaintiff, despite its claims on the prior webpage.  (Id. at ¶¶ 11, 12.)

- Defendant's information on Plaintiff allegedly listed his political and religious affiliations incorrectly: he is neither a registered Republican nor a Christian.  Plaintiff also asserts that Defendant's website wrongly inflated his net worth and associated him with people he does not know.  (Id. at ¶ 27.)

On February 3, 2021, Plaintiff filed a Complaint in the Bucks County Court of Common Pleas, asserting claims for defamation, defamation *per* se, and invasion of privacy.  On February 23, 2021, Defendant removed the action and, thereafter, moved to compel arbitration or, alternatively, to dismiss.

## II.   STANDARD OF REVIEW

Motions to compel arbitration are assessed under either the Federal Rule of Civil Procedure 12(b)(6) standard for motions to dismiss or the Rule 56 standard for summary judgment.  See Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764 (3d Cir. 2013).  As one court has explained:

> [W]here the complaint does not establish with clarity that the parties have agreed to arbitrate . . ., a Rule 12(b)(6) standard is not appropriate because the motion cannot be resolved without consideration of evidence outside the pleadings, and, if necessary, further development of the factual record. In such circumstances, the non-movant must be given a limited opportunity to conduct discovery on the narrow issue of whether an arbitration agreement exists.  Afterwards, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a Rule 56, summary judgment standard.

Torres v. Rushmore Serv. Ctr., LLC, No. 18-9236, 2018 WL 5669175, at *2 (D.N.J. Oct. 31, 2018).

The choice between the two standards reflects the competing aims of the Federal Arbitration Act ("FAA"). Id. at 764. On one hand, the FAA's "interest in speedy dispute resolution" encourages application of the swifter Rule 12(b)(6) motion to dismiss standard, which consequentially avoids the "'inherent delay of discovery'" that results from the Rule 56 alternative. Id. (quoting Somerset Consulting, LLC v. United Capital Lenders, LLC, 832 F. Supp. 2d 474, 481 (E.D. Pa. 2011)). On the other hand, the United States Court of Appeals for the Third Circuit has stressed that at times a "more deliberate pace is required" for review of arbitrability disputes, calling for application of Rule 56. Guidotti, 716 F.3d at 744.

The primary indicator of which standard is appropriate is the complaint itself. See Silfee v. Automatic Data Processing, Inc., 696 F. App'x 576 (3d Cir. 2017). "[W]hen it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." Id. (quoting Guidotti, 716 F.3d at 776). If, however, "the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue" then courts should consider the motion to compel arbitration under a Rule 56 standard. Guidotti, 716 F.3d at 776 (quoting Somerset, 832 F. Supp. 2d at 482). Should a court apply the Rule 56 standard, "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." Id.

While the FAA generally requires that federal courts apply a "presumption in favor of arbitration," this predisposition "does not apply to the determination of whether there is a valid agreement to arbitrate between the parties." Scott v. Educ. Mgmt. Corp., 662 F. App'x 126, 130 (3d Cir. 2016) (quoting Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009)). Thus, courts must first determine whether the arbitration agreement satisfies principles of state contract law. Blair v. Scott Specialty Gases, 283 F.3d 595, 603 (3d Cir. 2002).

Pursuant to Pennsylvania law, which all parties agree governs the present dispute, a valid contract is formed if the following requirements are satisfied: "(1) a mutual manifestation of an intention to be bound; (2) terms sufficiently definite to be enforced; and (3) consideration." Reichner v. McAfee, Inc., No. 11-6471, 2012 WL 959365 at *3 (E.D. Pa. Mar. 21, 2012) (citing Kirleis, 560 F.3d at 160)).

## III. DISCUSSION

Before considering whether to compel arbitration, I must first determine whether: (1) a valid arbitration agreement exists, and (2) such an agreement encompasses Plaintiff's asserted claims. See John Hancock Mut. Life Ins. Co. v. Olick, 151 F.3d 132, 137 (3d Cir. 1998). Defendant seeks to compel arbitration based upon the following clause within a "User Agreement," which Defendant claims was available on its website when Plaintiff subscribed:

> These Terms require that disputes between [Defendant,] MyLife and you be resolved by binding arbitration rather than by jury trials or class actions. MyLife.com and you . . . agree to arbitrate all disputes and claims arising out of or relating to this Agreement between MyLife.com and you . . .

(Def.'s Mot., Ex. A at ¶ 10, ECF No. 12-2.) Plaintiff opposes arbitration and argues that no valid arbitration agreement was established. Plaintiff maintains that he did not knowingly agree to an

4

arbitration clause on Defendant's website because the site lacked a reasonably conspicuous notice of the existence of contract terms.

Here, the Complaint makes no mention of the User Agreement or the purported arbitration provision therein. Rather, Defendant introduced the arbitration clause and User Agreement in its present Motion and accompanying exhibits. Because the current dispute centers on the existence and enforceability of an arbitration agreement, neither of which were mentioned in the Complaint, resolution of the present Motion necessitates review of evidence outside of the pleadings. Accordingly, applying the Rule 12(b)(6) standard of review in deciding the instant motion is inappropriate. Guidotti, 716 F.3d at 774.

When faced with this scenario, the Third Circuit has instructed that when "arbitrability [is] not apparent on the face of the complaint, the motion to compel arbitration must be denied pending further development of the factual record. . . and the issue should be judged under the Rule 56 standard." Id.; Torres, 2018 WL 5669175, at *3 (denying a motion to compel arbitration without prejudice and ordering limited discovery because the complaint did not reference an agreement to arbitrate); Sauberman v. Avis Rent a Car Sys., L.L.C., No. 17-0756, 2017 WL 2312359, at *2 (D.N.J. May 26, 2017) (same).

Accordingly, because the Complaint is devoid of any reference to the User Agreement or arbitration clause, I am unable to review the merits of Defendant's Motion. I will afford the parties some time to conduct limited discovery on the narrow issue of whether an agreement to arbitrate the present dispute exists. Following discovery, Defendant may refile its Motion pursuant to Rule 56.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss or, alternatively, to Compel Arbitration will be denied without prejudice.[1]

An appropriate Order follows.

---

[1] Defendant's Motion also contained arguments pursuant to Rule 12(b)(6). Because I must first determine whether the case is subject to arbitration, Defendant's Motion to Dismiss will also be denied without prejudice with leave to refile, if necessary, once the arbitration issue is resolved. Ackies v. Scopely, Inc., No. 19-19247, 2020 WL 5757988, at *4 n.2 (D.N.J. Sept. 28, 2020) (deferring ruling on the Rule 12(b)(6) arguments until the issue of arbitrability was resolved).